08-5806-ag
Diallo v. Holder

BIA
LaForest, IJ
A099 083 116

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
JOSEPH M. McLAUGHLIN,
ROBERT D. SACK,
PETER W. HALL,
*Circuit Judges.*

_____

MAMADOU MOUSTAPHA DIALLO,
*Petitioner,*

v.                                                      08-5806-ag
                                                        NAC

ERIC H. HOLDER JR.,[1]
U.S. ATTORNEY GENERAL,
*Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Ronald S. Salomon, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division, Ernesto H. Molina Jr., Assistant Director, Vanessa Otero Lefort, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Moustapha Diallo, a native and citizen of Guinea, seeks review of an October 31, 2008 order of the BIA affirming the May 16, 2007 decision of Immigration Judge ("IJ") Brigitte LaForest denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Moustapha Diallo*, No. A099 083 116 (B.I.A. Oct. 31, 2008), *aff'g* No. A099 083 116 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008).

We conclude that substantial evidence supports the IJ's determination that Diallo was not credible. As the IJ found: (1) Diallo's testimony that his nephew was unable to find out the name of the prison in which his wife was detained was inconsistent with the letter from his nephew stating that his wife was detained at the Central House of the Surete of Conakry; (2) Diallo's testimony that he joined the Union for Progress and Renewal-North American Federation ("UPR-NAF") when he first arrived in the United States was inconsistent with the letter from UPR-NAF stating that he joined the Federation in May 2007; and (3) that letter bears the wrong name for Diallo.

The IJ reasonably found that these inconsistencies go to the heart of his claim for asylum. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003). The wrong name

-3-

on the UPR-NAF letter and the inconsistency between that letter and his testimony regarding when he joined the Federation call into question whether he is actually a member of that organization and bear directly on whether the Guinean authorities would seek to persecute him. Moreover, the inconsistency between his testimony and his nephew's letter concerning his wife's whereabouts renders his wife's detention questionable, and his wife's arrest forms a significant part of Diallo's claim that he fears returning to Guinea.

Because the only evidence of a threat to Diallo's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, as all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-